UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNY RICHARD DUSTIN

      Petitioner,

v.                                                        Case No. 3:23-cv-1059-TJC-PDB

STATE OF FLORIDA,

      Respondent.

_____

## ORDER

Petitioner Danny Richard Dustin, a pretrial detainee at the Clay County Jail, initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). Petitioner is in pretrial custody for a pending state court criminal case in which the state of Florida is prosecuting him for second degree murder. See State v. Dustin, No. 2020-CF-000426 (Fla. 4th Cir. Ct.).[1]

Although not a picture of clarity, Petitioner appears to asks the Court to dismiss the state court case against him. Doc. 1 at 53. He maintains Detective Anderson of the Clay County Sheriff's Office omitted facts and made false statements to establish probable cause for an arrest warrant. Id. at 6. He alleges

---

[1] The Court takes judicial notice of Petitioner's state court criminal dockets. See Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute.'").

Detective Anderson fabricated the amount of stab wounds sustained by the alleged victim and the location of the stabbing. Id. at 13, 18. He also asserts Detective Anderson failed to include facts about the defensive wounds Petitioner sustained during the altercation. Id. at 23. Petitioner argues he was falsely arrested, and the state is now maliciously prosecuting him for this crime. Id. at 51-52.

Under the purview of Younger v. Harris, 401 U.S. 37 (1971), the Court must refrain from addressing Petitioner's claims. Under Younger, a federal court should abstain from exercising jurisdiction when "(1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." Turner v. Broward Sheriff's Off., 542 F. App'x 764, 766 (11th Cir. 2013).[2] There are "three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Johnson

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

v. Florida, 32 F.4th 1092, 1099 (11th Cir. 2022). "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004) (quoting Kolski v. Watkins, 544 F.2d 762, 766 (5th Cir. 1977)); see also Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004) ("[T]he [Younger] doctrine usually applies in cases involving criminal prosecution or the criminal justice system.").

Here, Petitioner has an ongoing state criminal prosecution; thus, the Court must dismiss the Petition unless Petitioner can demonstrate one of the "three narrow exceptions" to the Younger doctrine. See Lewis v. Broward Cnty. Sheriff's Off., No. 20-14603, 2021 WL 5217718, at *2 (11th Cir. Nov. 9, 2021) ("Because Lewis was involved in ongoing state court proceedings, and his § 2241 petitions concerned the lawfulness of those proceedings and his continued detention pursuant to those proceedings, the Younger abstention doctrine precluded federal interference, absent extraordinary circumstance."). Petitioner seems to allege that there is no adequate state forum where he can raise these claims because his attempts to challenge his arrest warrant in state court have been ignored. But he also alleges that the state court conducted a hearing on his probable cause claim and determined that his arrest and pretrial detention

3

are valid. <u>See</u> Doc. 1 at 6. As such, he has failed to sufficiently allege that an exception to the <u>Younger</u> doctrine exists. The Court also notes that the relief requested by Petitioner would, by implication, require the Court to second-guess a state court's probable cause determination. The Court will not interfere with Petitioner's state court proceedings, and thus, this case is due to be dismissed. If Petitioner wishes to pursue this issue in state court, he should confer with his court-appointed attorney or voice his concerns with the state court at the next scheduled pretrial status hearing.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.      The Petition (Doc. 1) and this case are **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the file.

3.      If Petitioner appeals the dismissal of the Petition, the Court denies

a certificate of appealability.[3] Because the Court has determined that a

certificate of appealability is not warranted, the Clerk shall terminate from the

pending motions report any motion to proceed on appeal as a pauper that may

be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of

October, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7
c:      Danny Richard Dustin, #133604

---

[3] The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Dustin "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.